Ellis W. Redpath et al. v. William Brown and Catherine M. Jones.

*Replevin—Joint judgment for defendants—Fraudulent purchase—Evidence.*

1. A joint judgment in replevin for the value of the property, in favor of defendants who are not shown to have a joint interest therein, cannot be sustained.

2. It is not necessary, in order to prove fraudulent purchases, to show the complicity of the vendee's assignee and his vendee, from whom the goods are replevied, in the original scheme, if one existed, as they may be unable to hold the goods without being guilty of actual dishonesty.

3. In this case it is held that the case should have been submitted to the jury on the facts, there being pertinent testimony upon the question of fraud, the weight of which was for the jury.

Error to Wayne. (Reilly, J.)   Argued June 20, 1888. Decided July 11, 1888.

Replevin. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson,* for appellants.

*E. T. Wood,* for defendants.

Campbell, J.   Plaintiffs sued in replevin to get back certain goods which they claimed had been obtained from them fraudulently by a firm doing business as Jones Bros. These goods were sold at various times, upon the faith of

representations of solvency; and plaintiffs claimed the facts showed that the purchasers had obtained the property with a purpose of cheating their creditors.

Brown was the assignee of that firm, and Catherine M. Jones had purchased most of the assigned stock, paying for it partly by a chattel mortgage, the good faith of which was attacked, and partly otherwise. The dealings of the defendants were claimed not to entitle them to stand in any better position than their vendors.[1]

Upon the trial the court let in proof of a series of representations of business condition which indicated solvency and healthy business, and further testimony claimed to show either that these representations were untrue, or else that goods had been disposed of in some fraudulent way, which it is insisted tended to the direction of a fraudulent scheme to get goods, and make away with them, without paying for them. It is claimed that the assignee's accounts show tampering with the assets, and that the chattel mortgage was not in good faith.

After receiving the testimony, the circuit judge ruled that no fraud was made out, and took the case from the jury, and ordered a judgment in money in favor of defendants jointly.

We do not see any foundation for such a joint money recovery. Defendants had no joint interest in the property replevied, so far as the record shows.

But we think the case should have gone to the jury on the facts. There was pertinent testimony upon the question of fraud. If the transactions involved the perpetration of continuous frauds on plaintiffs, they had a right, as against their vendees, to rescind, and an equal right as against other persons colluding with them to carry out

---

[1] Catherine M. Jones, a sister of the assignors, held a chattel mortgage on their stock at time of the assignment, and purchased the goods from the assignee, applying the mortgage on the purchase price, and paying the balance in cash.

their schemes. If there was any testimony tending appreciably to show fraud, the weight of it was a question of fact for the jury. Defendants introduced no testimony; and, had they done so, it would have required the same treatment.

The question before us is not what we might ourselves have inferred from the facts in evidence. We have no means of knowing that these facts would have persuaded the jury that any fraud was committed, or that all the doubts, if any, might not be cleared up. For anything we know, the firm may have given out for want of business capacity and experience. We do not propose to make any comments, or express any suspicions. All that we do is to say that we think the case was a proper one for the jury to consider. It is not necessary, in order to prove fraudulent purchases, to show defendants' complicity in the original scheme, if there was a scheme. They may be unable to hold the goods without being guilty of actual dishonesty. Had they gone into proof, the verdict might have been favorable; but, without testimony on their side, we cannot say that the jury would have found against plaintiffs.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.